NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOJO EJONGA-DEOGRACIAS, AKA JoJo Ejonga, <br><br>              Plaintiff-Appellant, <br><br>    v. <br><br> DEPARTMENT OF CORRECTIONS; et al., <br><br>              Defendants-Appellees. | No. 16-35512 <br><br> D.C. No. 3:15-cv-05784-RJB <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Jojo Ejonga-Deogracias, a Washington state prisoner, appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs. We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6).

*Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We vacate and remand.

The district court properly dismissed Ejonga-Deogracias's deliberate indifference claim against the Washington Department of Corrections because this claim is barred by the Eleventh Amendment.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (Eleventh Amendment immunity applies to state agencies, including the department of prisons).  However, dismissal of the deliberate indifference claim without leave to amend was premature because it is not absolutely clear that the deficiencies in Ejonga-Deogracias's complaint could not possibly be cured by amendment.  *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend[.]"); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review).  Accordingly, we vacate the judgment and remand for the district court to provide Ejonga-Deogracias an opportunity to file an amended complaint that names the correct defendants.

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**VACATED and REMANDED.**

16-35512